# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JEREMIAH RUSSELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  1:10-CV-3303-VEH |
| | ) |
| **JOHN GRECO, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

This case was filed by Plaintiff Jeremiah Russell ("Mr. Russell") against Defendants John Greco ("Mr. Greco") and Tim Freckman ("Mr. Freckman") on November 30, 2010. (Doc. 1). Mr. Russell also filed a motion requesting that the court waive his filing fee due to his indigent status. (Doc. 2). On December 1, 2010, the case was reassigned to the undersigned. (Doc. 3).

For the reasons explained below the court *sua sponte* determines that it lacks jurisdiction to hear Mr. Russell's case and that his lawsuit is due to be dismissed without prejudice. Additionally, Mr. Russell's request that the court waive his filing fee is due to be termed as moot.

## II.     ANALYSIS

Unlike state courts, which generally have jurisdiction to hear virtually all kinds of actions, federal courts are judicial bodies of limited jurisdiction. Federal court subject matter jurisdiction exists pursuant to either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction).

Moreover, it is beyond question that this court has an obligation to independently determine whether subject matter jurisdiction exists in all of its cases, regardless of whether a party raises the issue. *See, e.g., Univ. of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that <u>a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings</u>.") (emphasis added); *id.* ("Indeed, it is well settled that <u>a federal court is obligated to inquire into subject matter jurisdiction *sua sponte*</u> whenever it may be lacking.") (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) (other citations omitted) (emphasis added)). Against this jurisdictional inquiry backdrop, the court addresses the allegations contained in Mr. Russell's complaint to verify whether subject matter exists.

## A.     Federal Question Jurisdiction

As a preliminary matter, nowhere in his complaint does Mr. Russell indicate which federal jurisdictional provision he is proceeding under, *i.e.*, either § 1331 (federal question) or § 1332 (diversity).  Despite this omission, the court endeavors to determine whether the allegations made by Mr. Russell are sufficient to show the existence of either basis for exercising subject matter jurisdiction in federal court.

Turning to § 1331 first, this statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Nothing contained in Mr. Russell's complaint suggests that he is asserting a cognizable claim against either defendant that arises under federal law.  Instead, he is alleging "Legal Malpractice, and Negligence" against Mr. Greco and "Administrative Appeal" by Mr. Freckman. (Doc. 1 at 1).

Further, the bulk of Mr. Russell's allegations pertain to Mr. Greco's alleged legal malpractice and negligence (*see generally* Doc. 1 at 1-2), and it appears that Mr. Freckman has been named in the lawsuit not because he has engaged in any alleged wrongdoing, but rather simply because of his role as an agent of the Social Security Administration. (*See* Doc. 1 at 1 ("Mr. Tim Freckman is handling my back pay appeal at the Social Security Administration, [and] I'm adding pages of my appeal

given to this court of that appeal.")).  Therefore, the court sees no basis for it to exercise subject matter jurisdiction over this case against Mr. Greco or Mr. Freckman under § 1331.

**B.    Diversity Jurisdiction**

Section 1332 provides in relevant part that:

> The district courts shall have original jurisdiction of all civil actions where <u>the matter in controversy exceeds the sum or value of $75,000</u>, exclusive of interest and costs, and is between–
>
> (1) <u>citizens of different States</u>[.]

28 U.S.C. § 1332(a)(1) (emphasis added).  Nowhere in Mr. Russell's complaint has he referred to the citizenship of any parties or otherwise alleged that this requirement has been met.

Also, while Mr. Russell has indicated that he has an Anniston, Alabama home address, which suggests that he is a citizen of Alabama, the addresses that he has listed for Mr. Greco and Mr. Freckman appear to be business addresses, as opposed to personal residences.  (Doc. 1 at 1, 2 (listing Marietta, Georgia as Mr. Greco's address and indicating that he went to Mr. Greco's office in Georgia; listing Social Security Administration in Anniston, Alabama as Mr. Freckman's address)). Moreover, if Mr. Freckman is a citizen of Alabama, then his presence in the lawsuit as an in-state defendant would destroy any potential diversity of citizenship, assuming

that Mr. Russell is a citizen of Alabama and that Mr. Greco is a citizen of Georgia.

Furthermore, even if the diversity of citizenship requirement were met somehow, then the amount in controversy requirement is still unsatisfied as Mr. Russell is only "suing for the sum of $14,991, the lost amount of S.S. for those months a warrant stopped my check, because of Mr. John Greco['s] Negligence and Legal Malpractice" (*see* Doc. 1 at 2), and yet the requisite threshold amount for diversity jurisdiction is substantially higher, *i.e.*, $75,000. Therefore, the court sees no basis for it to exercise subject matter jurisdiction over this case against Mr. Greco or Mr. Freckman under § 1332 either.

## III. CONCLUSION

For the reasons stated above, Mr. Russell's case is due to be dismissed without prejudice for lack of subject matter jurisdiction, and the motion requesting that the court waive his filing fee is due to be termed as moot. A separate order of final judgment will be entered.

**DONE** and **ORDERED** this 3rd day of December, 2010.

*[signature]*
**VIRGINIA EMERSON HOPKINS**
United States District Judge